IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REGINA JOHNSON, | ) | 1:09cv02205 OWW DLB |
| | ) | |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | REGARDING PLAINTIFF'S |
| Plaintiff, | ) | APPLICATION FOR |
| | ) | FOR DEFAULT JUDGMENT |
| vs. | ) | |
| | ) | (Document 10) |
| NATIONAL RECOVERY GROUP, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 14, 2010, Plaintiff Regina Johnson ("Plaintiff") filed the present motion for default judgment against Defendant National Recovery Group, LLC.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the May 14, 2010, hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a complaint for violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.) ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.) ("RFDCPA") against Defendant National Recovery Group, LLC on December 17, 2009.

According to the Complaint, Defendant is a debt collector seeking to collect a consumer debt from Plaintiff.   The entirety of the facts which Plaintiff alleges gave rise to her claims are as follows:

1

1  "Defendant constantly and continuously placed collection calls to her demanding payment for an

2  alleged debt.  Defendant contacted a third party, Saymisha Ford, and disclosed the nature and

3  existence of the alleged debt.  Defendant allegedly told Ms. Ford that it was going to take legal

4  action against Plaintiff.  Defendant also called Plaintiff at work despite having knowledge that she

5  cannot accept such calls,"  Complaint, ¶¶ 9, 12-14.

6          On February 5, 2010, Defendant was served with the summons and complaint by service on

7  its Director of Operations, Paul Nielzialewski, in Cheektowaga, New York.  Defendant did not file

8  an answer or respond to the Complaint.

9          On March 31, 2010, pursuant to Plaintiff's request, the Clerk of the Court entered default as

10  to Defendant.

11          On April 14, 2010, Plaintiff filed the instant motion for default judgment against Defendant.

12  By her motion, Plaintiff seeks the following: (1) statutory damages in the amount of $2,000.00

13  pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code §1788.30(b); (2) attorneys' fees in the

14  amount of $2,170.90; (3) filing and service fees in the amount of $361.61; and (4) anticipated fees

15  and costs to collect the judgment in the amount of $500.00 pursuant to 15 U.S.C. § 1692k(a)(3) and

16  Cal. Civ. Code § 1788.30(c).

17          Defendant's Director of Operations was served with the summons and verified complaint on

18  February 5, 2010.  Defendant also was served by mail with a copy of the motion for default

19  judgment.  There is no indication that Defendant, a company, is an infant, incompetent person, in the

20  military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

21  Defendant did not respond to the instant motion or otherwise contact the Court.

## LEGAL STANDARD

23  A.    Legal Standard

24  Federal Rule of Civil Procedure 55 governs default judgment and, in relevant part, provides:

25          (2)    By the Court.  In all other cases, the party must apply to the court for a default
                  judgment.  A default judgment may be entered against a minor or incompetent
26                person only if represented by a general guardian, conservator, or other like
                  fiduciary who has appeared.  If the party against whom a default judgment is
27                sought has appeared personally or by a representative, that party or its

28
                                                    2

representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

B.      Eitel Factors

Applying Eitel, the Court finds that the merits and sufficiency of the Complaint are severely lacking.  This is a recurring issue with Plaintiff's counsel.  Indeed, the Court recently and repeatedly cautioned Plaintiff's counsel about insufficient, conclusory allegations in similar FDCPA actions. See Edwards v. Midpoint Resolutions Group, 1:09cv0561 AWI DLB (default judgment motion off calendar due to evidentiary deficiencies); Patricia Valdez v. Paul Law Offices, 1:09cv01353 OWW DLB (factual allegations insufficient and default judgment taken off calendar; Order to Show Cause issued May 11, 2010).  It is apparent that the Court's previous admonitions have gone unheeded, because the Complaint and claims in this action suffer from even greater deficiencies.  To avoid future issues and the waste of judicial resources, the Court provides further, detailed guidance.

Plaintiff asserts that her allegations sufficiently prove Defendant violated the FDCPA and the Rosenthal Act.  Plaintiff is mistaken.  The factual allegations in this action fail to meet the minimum

3

1   pleading standards articulated in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)

2   ("Iqbal").  Pursuant to Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to

3   'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

4   550 U.S. 544, 570 (2007)).

5           Plaintiff alleges that "Defendant constantly and continuously placed collection calls to

6   Plaintiff seeking and demanding payment for an alleged debt."  Complaint, ¶ 12.   Section 1692d(5)

7   of the FDCPA[1] states:

8           A debt collector may not engage in any conduct the natural consequence of which is to
            harass, oppress, or abuse any person in connection with the collection of a debt. Without
9           limiting the general application of the foregoing, the following conduct is a violation of this
            section. . .
10
            (5) Causing a telephone to ring or engaging any person in telephone conversation
11          repeatedly or continuously with intent to annoy, abuse, or harass any person at the
            called number.
12

13  At a minimum, however, the factual allegations fail to identify (1) the "called number," (2) the

14  number of calls made to demonstrate repeated, constant and/or continuous calls, (3) when the calls

15  were made and over what period of time, (4) the content of the conversations, if any, (5) the alleged

16  debt, and (6) the link between the caller and the Defendant debt collector.

17          Plaintiff next alleges that "Defendant contacted a third party, Saymisha Ford, and disclosed

18  the nature and existence of the alleged consumer debt."  Complaint, ¶ 13.  Section 1692c(b) of the

19  FDCPA prohibits a debt collector from communicating with a third party, except as provided in

20  section 1692a, without the prior direct consent of the consumer, the express permission of a court, or

21  as reasonably necessary to effectuate a postjudgment judicial remedy.  Plaintiff fails to allege (1) the

22  manner of communication between Saymisha Ford and Defendant, (2) how Plaintiff is aware of the

23  communication, (3) how Defendant was identified as making the communication, and (4) the content

24  of the communication.

25

26          [1] Section 1788.17 of the RFDCPA requires debt collectors to comply with the FDCPA.  Violations of the FDCPA
    may constitute an automatic violation of state law.  See, e.g., Luna v. Alliance One Receivable Management, Inc., 2006 WL
27  357823, *4 (N.D.Cal. Feb. 16, 2006).

28                                                          4

1          Plaintiff also alleges that "Defendant stated to Ms. Ford that they were going to take legal

2    action against Plaintiff."  Complaint, ¶ 13.  Section 1692e of the FDCPA provides:

3          A debt collector may not use any false, deceptive, or misleading representation or means in
      connection with the collection of any debt. Without limiting the general application of the
4          foregoing, the following conduct is a violation of this section. . .

5                (5) The threat to take any action that cannot legally be taken or that is not intended to
            be taken. . .
6

7                (10) The use of any false representation or deceptive means to collect or attempt to
            collect any debt or to obtain information concerning a consumer.

8    Plaintiff fails to even allege that the debt collector made false, deceptive or misleading

9    representations, that the debt collector threatened to take any action that it could not legally take, or

10   that the debt collector did not intend to take legal action.  Plaintiff also fails to allege any facts to

11   support such a conclusion.

12         Finally, Plaintiff alleges that "Defendant contacted Plaintiff at her place of employment

13   (559-495-3602) despite having knowledge that Plaintiff cannot accept such calls."  Complaint, ¶ 14.

14   Section 1692c of the FDCPA provides:

15         If a consumer notifies a debt collector in writing that the consumer refuses to pay a
      debt or that the consumer wishes the debt collector to cease further communication
16         with the consumer, the debt collector shall not communicate further with the
      consumer with respect to such debt, except--
17
      (1) to advise the consumer that the debt collector's further efforts are being
18         terminated;

19         (2) to notify the consumer that the debt collector or creditor may invoke specified
      remedies which are ordinarily invoked by such debt collector or creditor; or
20
      (3) where applicable, to notify the consumer that the debt collector or creditor intends
21         to invoke a specified remedy.

22   Plaintiff does not allege that she notified the debt collector in writing (or otherwise) regarding her

23   inability to accept calls at work or how Defendant acquired such knowledge.  Plaintiff also does not

24   allege the nature of the calls with Defendant or how Plaintiff knew it was Defendant making such

25   calls.

26         The remaining allegations in Plaintiff's complaint are mere conclusory assertions that

27   Defendant violated specified provisions of the FDCPA or the RFDCA.  Although billing records,

28                                         5

1  attached as Exhibit A to the Motion for Default Judgment, indicate that Adam J. Krohn, a

2  "Managing Partner and Consulting Non-California Attorney," spent 1.30 hours during which he  " . .

3  . consulted with client regarding case facts to evaluate potential liability of Defendant; . ." and

4  "prepar[ed] a memo to file of factual basis" for Plaintiff's claims, the Complaint is devoid of the

5  most basic factual information.  There is no ostensible reason for this failing.

6                              **<u>RECOMMENDATIONS</u>**

7         Based on the above, the Court RECOMMENDS that Plaintiff's motion for default judgment

8  be DENIED WITHOUT PREJUDICE.

9         These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,

10  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule

11  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

12  Within fourteen (14) days after being served with a copy, Plaintiff may serve and file with the court

13  written objections to such proposed findings and recommendations.  Such a document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the

15  objections shall be served and filed within fourteen (14) days after service of the objections.  The

16  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

17

18

19     IT IS SO ORDERED.

20        **Dated:**   **May 13, 2010**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28
                                                 6